UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause 4:08 CR 155 DJS |
| | ) | |
| KATROY VON MATHIEU, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This action is before the court upon the petition of the Pretrial Services Officer for action on conditions of pretrial release, to add the condition that defendant Katroy von Mathieu have no access to the internet at any location. The major change in the conditions of release would be to add that his place of employment have no internet access, since he already is prohibited from having internet access at his residence or anywhere else. (Doc. 6.) A hearing was held on the matter on March 10, 2008.

Defendant is charged by indictment, filed February 28, 2008, with possession of a video image file of child pornography on a computer between October 3 and November 8, 2007 (Count 1) and with possessing the same video image file of child pornography on a computer disk on November 8, 2007 (Count 2), in violation of 18 U.S.C. § 2252A(a)(5)(B).

On March 5, 2008, defendant was released on an unsecured monetary appearance bond. Among the conditions of release were the following, which are usually required of defendants charged with involvement with child pornography:

(y) Defendant shall have no unsupervised contact with minors or be the only adult in the presence of minor children; if while on supervision the defendant requests to travel to visit family or friends, the pretrial services officer shall consult with the Court regarding a third party risk notification.

(z) Defendant shall remove all computers from his residence. No internet or computer access, access to instant messaging, chat rooms, or chat programs at any location is permitted. If a computer is in a shared residence, the computer must be password protected to

               assure the defendant has no access to the internet, or otherwise be made inaccessible to the defendant.

    (aa)  If a home computer must be used in the residence for work or school purposes, internet monitoring software may be installed on that computer.

(Doc. 6.) The Pretrial Services Officer would add to the conditions of release a requirement that the defendant not have access to the internet at any location, including defendant's place of employment.[1]

    Defendant objects to this addition, because his current employment requires him to access the internet through a computer to perform his employment duties, and he fears that restricting his access to the internet at work and notifying his employer of the current charges will likely result in his termination. The government argues that, without employer third-party notification and the requested prohibition of access to the internet at the employment location, there will be a risk that defendant will use his employer's computer facilities to access child pornography through that equipment. Defendant strongly urges that he would not use his employer's computer equipment or access the internet for any purpose other than to perform his employment duties.

    The court is advised that defendant has similar charges pending in the Circuit Court of St. Charles County. At the hearing before the undersigned, defendant provided the court with a copy of an order of that court. That order amended the bond conditions to allow defendant to use his work computer for work purposes only, with the caveat that the defendant "is not allowed to use any other computer for any purpose whatsoever." The order did not discuss the issue of whether the employer should be notified of the pending charges. See Doc. 13, Def. Ex. 1, March 10, 2008.

---

[1] The usual conditions of release required by this court of defendants charged with involvement with child pornography also include the following: "If computer access is required on a job site, the defendant shall disclose his status with this Court to the employer." This condition was not included in defendant's original and current conditions of release, because of the defendant's fear, expressed to the Pretrial Services Officer, that such notification would result in his termination from employment.

Also, defendant has provided this court with a copy of his corporate employer's "Information Security Policies," id. Def. Ex. 2, much of which deals with the regulation of the use of the employer's automation equipment, including computer equipment. The court notes from this document that the employer's policies allow employees access to the internet, not only for employment purposes, but also for "occasional personal use in a manner similar to the personal use of company telephones." The employer also has authorized employees to download information from the internet "for occasional personal use." Id. at
§ 5.1 Policy: Internet Use.

Further, at the hearing before the undersigned the court was advised that defendant, indirectly through a friend, used his employer's computer to communicate with his daughter and defendant directed his friend to cancel his internet accounts.

Considering this record, the court will order that the defendant's conditions of release be amended by adding the usual condition for such cases, i.e., "If computer access is required on a job site, the defendant shall disclose his status with this Court to the employer." This will be required because the nature of the offenses charged requires that the court impose conditions of release from custody that will reasonably protect the public from defendant's accessing child pornography, which is a very serious violation of the law, and because the employer's policies allow personal access to the internet while at work. The court is mindful that Congress has required that the court consider requiring that defendants be gainfully employed during the pretrial period, see 18 U.S.C. § 3142(c)(1)(B)(ii), and that during the pretrial period the defendant retains the presumption of innocence, 18 U.S.C. § 3142(j).

The court is also mindful of defendant's fear that notifying his employer of the pendency of the instant charges will result in the loss of his employment. Whatever the risk that this will occur, and the court has received no information that defendant's employer has a policy or practice that would or would not result in the loss of his employment due to the pendency of these charges, the same result might occur if the

employer learns of these charges from a source other than the defendant. It is the court's speculation that there is a greater likelihood that the defendant may not lose his employment if he is the source of the notification and is able to devise procedures with his employer that protect the employer, the public, and the defendant's ability to continue in employment.

The court will not impose the blanket condition that defendant have no access to the internet in his employment.  Such a condition likely would result in the defendant's loss of his current employment.  There has been no information provided to the court that defendant has used his employer's computer or his employer's access to the internet for any illegal purpose.

For these reasons,

**IT IS HEREBY ORDERED** that the petition of the Pretrial Services Officer for action on the conditions of release is sustained in that defendant's conditions of release are hereby modified to include the following condition: "If computer access is required on a job site, the defendant shall disclose his status with this Court to the employer." In all other respects the petition is denied.

            /S/ David D. Noce
           **UNITED STATES MAGISTRATE JUDGE**

Signed on March 13, 2008.